IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEANIECE D. CARTER, ) | |
| ) | |
| Plaintiff, ) | No. 09 C 7181 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| AMERICAN MANAGEMENT CONSULTANTS, ) | |
| LLC/RIVERSTONE APARTMENTS and ) | |
| HUNTER WARFIELD COLLECTIONS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Acting *pro se*, plaintiff Geaniece D. Carter filed an amended complaint against defendants American Management Consultants, LLC/Riverside Apartments ("American Management") and Hunter Warfield, Inc. ("Warfield"). In Counts I through IV, VI and VII, plaintiff alleges that American Management and Warfield violated of various provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. In Count V, plaintiff alleges that American Management and Warfield violated the criminal extortion statute, 18 U.S.C. § 871. In Count VIII, plaintiff alleges a state law defamation claim against American Management alone.

Defendant American Management moved to dismiss all counts for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Defendant Warfield moved to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim pursuant to Rule 12(b)(6). For the reasons stated below, the court grants defendants' motions to dismiss Counts I through VII for failure to state a claim, and declines to exercise supplemental jurisdiction over Count VIII.

## **FACTS**

The facts alleged in the amended complaint are taken as true for purposes of the instant motions. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). American Management leased an apartment to Carter in 2007. In August 2007, American Management filed a forcible entry and detainer action against Carter in the Circuit Court of Will County, Illinois, seeking past due rent. In September 2007, the circuit court awarded American Management possession of the property, damages and courts costs. Carter appealed that decision to the Illinois Appellate, which reversed. *American Management Consultant, LLC. v. Carter*, 392 Ill. App. 3d 39, 40 (Ill. App. 3d Dist. 2009).

In its decision, the appellate court found that American Management had failed to comply with Illinois's forcible entry and detainer statute, 735 ILCS 5/9-211, because it did not effectuate proper service on Carter in reclaiming possession of the rental property. *Id.* at 57. The court also noted, "[a]lthough . . . it is not necessary to our resolution of the instant appeal . . . we find that plaintiff failed to comply with . . . section 1692g(a) of the FDCPA." *Id.* at 52. The court went further, finding, "as a matter of first impression, that lessors are required to comply with the FDCPA in their efforts to collect past-due rent from their lessees." *Id.* at 50.

Carter filed an amended complaint against American Management in this court, largely restating the portion of the Illinois Appellate Court's decision that dealt with the FDCPA. Carter's amended complaint also included allegations that Hunter Warfield, Inc., a debt collection agency, violated the FDCPA along with American Management.

**DISCUSSION**

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Sprint Spectrum L.P. v. City of Carmel, Indiana*, 361 F.3d 998, 1001 (7th Cir. 2004). The complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claims rest. The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-73, 167 L.Ed.2d 929 (2007).

Counts I through IV, VI and VII – FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by *debt collectors*." 15 U.S.C. § 1692(e) (emphasis added). Thus, if Carter fails to show that American Management is a "debt collector" under the FDCPA, her claim must fail. *See Gaddy v. Wulf*, 2010 WL 1882015 (N.D. Ill. 2010). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). By contrast, the FDCPA defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

3

Plaintiff cites the Illinois Appellate Court's decision in *American Management, LLC v. Carter* to support her proposition that American Management, a lessor, is a "debt collector" under the FDCPA. Judge Kendall, in a well-reasoned opinion, previously rejected that interpretation in *Gaddy, 2010 WL 1882015 at \*5*. In *Gaddy*, a tenant defaulted on her rent and the landlord contacted the tenant to collect, using threats and verbal abuse. *Id.* at 1. The tenant sued the landlord, alleging, in part, violations of the FDCPA. *Id.* at 2. To support her claim, the tenant cited the statement in *American Management Consultant, LLC v. Carter* that lessors must comply with the FDCPA when seeking past-due rent. *Id.* at 5. In reviewing the *American Management* opinion, Judge Kendall first noted that the state court's interpretation of the FDCPA was nonbinding dicta. *Id.* Then, Judge Kendall explained that *American Management* dealt with "whether an Illinois forcible entry and detainer action qualifies as an attempt to collect debts under the FDCPA and never reached the issue of whether a landlord collecting past due rent on his own behalf is a 'debt collector' under the FDCPA." *Id.* Finally, Judge Kendall held that the landlord was not a "debt collector" under the FDCPA and dismissed the tenant's claim. *Id.*

*Gaddy* is directly on point to the instant case. Like *Gaddy*, plaintiff seeks to apply the FDCPA to a lessor trying to collect its own past-due rent. This court agrees with *Gaddy*'s interpretation of *American Management* and concludes that landlords are not "debt collectors" under the FDCPA when they seek to collect past-due rent owed to them. Accordingly, American Management's motion to dismiss the FDCPA claims is granted.

As to Warfield, Carter's FDCPA claims are time-barred. Under the FDCPA, a debtor may sue for violations of the statute in "any appropriate United States district court . . . within

one year from the date on which the violation occurred." 15 U.S.C. § 1692k(d). Carter's amended complaint alleges that Warfield's violations of the FDCPA occurred in 2007. Plaintiff filed her initial complaint in November 2009, after the one-year statute of limitations had run. While plaintiff alleges that two events occurring in March 2009 and January 2010 give rise to a cause of action under the FDCPA, both those allegations implicate American Management alone. Therefore, plaintiff's FDCPA claims against Warfield are time-barred.

Since plaintiff fails to state a claim under the FDCPA as to either defendant, the court grants both American Management's and Warfield's Motions to Dismiss Counts I-IV, VI and VII.

Count V – Criminal Extortion

In Count V, plaintiff alleges violations of 18 U.S.C. § 871, a criminal extortion statute. There is no private cause of action under 18 U.S.C. § 871. *Mathon v. Feldstein*, 303 F. Supp.2d 317, 325 (E.D. N.Y. 2004). Therefore, defendants' Motions to Dismiss Count V are granted.

Count VII – Defamation

Count VII of plaintiff's amended complaint alleges state law defamation by American Management. Since plaintiff's federal causes of action are dismissed and the alleged defamation is not inextricably intertwined with plaintiff's federal claims, the court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 (c)(3).

## **CONCLUSION**

For the reasons stated herein, defendants' motions to dismiss is granted.

**ENTER:** September 2, 2010

_____
**Robert W. Gettleman**
**United States District Judge**